# EXHIBIT "A"



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## MUNICIPAL DIVISION

```
ELECTRONICALLY FILED
April 13, 2021 02:53 PM
     AFTAB PUREVAL
   Clerk of Courts
  Hamilton County, Ohio
 CONFIRMATION 1055631
```

**ASHLEY RANDALL**　　　　　　　　　　　　　　**21CV05476**

**vs.**

**DUKE ENERGY AND ONLINE INFORMATION SERVICES**

### FILING TYPE: MOTION

### PAGES FILED: 11

I hereby certify that a true copy of the foregoing was sent to all entitled by regular U.S. Mail on _____
　　By_____

SERVICE(S) ORDERED: ()

EFR200



VERIFY RECORD

# IN THE MUNICIPAL COURT
# SMALL CLAIMS
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **ASHLEY RANDALL** | : | Case No.: 21CV05476 |
| | : | |
| Plaintiff, | : | JUDGE: |
| | : | |
| v. | : | |
| | : | DEFENDANT, DUKE ENERGY OHIO, INC.'S |
| **ONLINE INFORMATION** | : | MOTION TO DISMISS PLAINTIFF'S |
| **SERVICES, INC. et al.** | : | COMPLAINT |
| | : | |
| Defendants. | : | (Affidavit of Cynthia Rummel attached) |

Comes now Defendant, Duke Energy Ohio, Inc. (incorrectly identified in the Complaint as "Duke Energy") ("Duke Energy Ohio"), by and through counsel, and pursuant to Ohio Civil Rule 12(B)(1) moves this Court for an Order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction. The Public Utilities Commission of Ohio ("PUCO") has exclusive jurisdiction over this matter.

This Motion is supported by the law of the State of Ohio, the affidavit of Cynthia Rummel attached as Exhibit A, and the accompanying Memorandum.

Respectfully submitted,
***/s/ Brian Pokrywka***
Brian Pokrywka, Esq. (0089518)
*Co-Counsel for Defendant, Duke Energy Ohio, Inc.*
139 E. Fourth Street, M/C 1212-M
Cincinnati, Ohio 45202
(513) 287-5501 (telephone)
(513) 287-4386 (facsimile)
Email: Brian.Pokrywka@duke-energy.com

***/s/ James E. McLean***
James E. McLean, Esq. (0046868)
*Co-Counsel for Defendant, Duke Energy Ohio, Inc.*
139 E. Fourth Street, M/C 1212-M
Cincinnati, Ohio 45202
(513) 287-4341 (telephone)
(513) 287-4386 (facsimile)
Email: James.McLean@duke-energy.com

671164

## MEMORANDUM

### I. INTRODUCTION

Plaintiff, Ashley Randall ("Plaintiff" or "Randall"), instituted the present action by filing a Complaint on March 15, 2021, in the Hamilton County Municipal Court.

Plaintiff alleges that Duke Energy Ohio allowed a fraudulent account to be opened in Plaintiff's name under an address that Plaintiff has never been a residence. She claims the account was then turned over to Online Information Services ("OIS") for collections.

This dispute over the fraudulent account set up in Plaintiff's name for electric service Duke Energy Ohio supplied is a service-oriented dispute within the exclusive jurisdiction of the Public Utilities Commission of Ohio ("PUCO") and this court lacks subject matter jurisdiction over such disputes.

### II. FACTUAL BACKGROUND

Service was requested for Ashley Randall on May 30, 2017. After a credit check was performed showing the information provided was good, it was determined that the customer would need to pay a security deposit. An account was set up on May 30, 2017 for the address of 499 Old Boston Road, Batavia, Ohio 45103 (the "service address") in the name of Ashley Randall. Security deposit was applied to the account and set on a 3-month agreement for $60 per month. On August 28, 2017, service was disconnected for non-pay. On August 30, 2017, Duke Energy Ohio received a medical certificate for patient Skylar Legnar to restore service. On October 5, 2017, service was again disconnected for non-pay and another medical certificate was received in the same patient name. The account went back into disconnect status on November 27, 2017 and a third and final medical certificate was received to restore service that same day. The account was final billed on December 22, 2017 with a due date of January 17, 2018. (the bill was printed and mailed the next

business day). After receiving no payments on this account, the account was sent to Online Information Services, ("OIS") to attempt to collect payment in the amount of $670.75.

On January 5, 2021, Ashley Randall called Duke Energy Ohio for the first time to report that this account was set up in her name fraudulently. She was advised to complete a fraud packet, file a police report, and send copies of them to Duke Energy Ohio so that it could begin a fraud investigation. Duke Energy Ohio never received a fraud packet or a police report from Ashley Randall.

This matter is a dispute over billing for utility services Duke Energy Ohio provided to Randall which dispute is within the exclusive jurisdiction of the PUCO.

### III. LAW AND ANALYSIS

#### A. The Ohio Legislature has conferred exclusive subject matter jurisdiction on the Public Utilities Commission of Ohio over matters involving the services provided by public utilities.

Ohio Civil Rule 12(B)(1) provides for the dismissal of an action when the court lacks subject matter jurisdiction.[1] The standard is whether the plaintiff has alleged any cause of action which the court has authority to decide.[2] The court is not confined to the allegations of the Complaint and may consider any pertinent evidentiary materials.[3]

In passing upon a motion to dismiss pursuant to Ohio Civil Rule 12(B)(1), "the trial court is not confined to the allegations of the complaint but may consider matters outside the pleadings without converting the motion to a motion for summary judgment."[4] An affidavit is not mandated. Moreover, "the trial court may dismiss a complaint for lack of subject-matter jurisdiction if the

---

[1] *Ferreri v. Milford Exempted Village School Dist. Bd. Of Ed.*, 12th Dist. Nos. CA2007-04-044, CA2007-04-050, 2008-Ohio-4314.
[2] *Id.*
[3] *McGuffey v. LensCrafters, Inc.*, 141 Ohio App.3d 44, 50, 2000-Ohio-2044 (12th Dist.).
[4] *Rijo v. Rijo*, 1995 Ohio App. LEXIS 299, at *2.

671164                                  3

court, upon consideration of the complaint alone…determines that the complaint alleges no cause of action cognizable by the forum."[5] As set forth above, a review of Plaintiff's Complaint alone establishes that its claim is that Duke Energy Ohio has unjustly and unreasonably billed her for services and thus subject to the PUCO's exclusive jurisdiction. Duke Energy Ohio has gone the extra step of supplying a supporting affidavit.

In enacting Title 49 of the Ohio Revised Code, the General Assembly implemented a complete and comprehensive body of laws to supervise and adjudicate matters relating to the services of public utilities. R.C. 4905.04 generally provides that:

> The public utilities commission is hereby vested with the power and jurisdiction to supervise and regulate public utilities…, to require all public utilities to furnish their products and render all services exacted by the commission or by law…

Furthermore, R.C. 4905.26 identifies those matters which are to be brought before the PUCO. Specifically, the jurisdiction of the PUCO extends to complaints:

> that any rate, fare, charge, toll, rental, schedule, classification, or service, or any joint rate, fare, charge, toll, rental, schedule, classification, or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law, or that any regulation, measurement, or practice affecting or relating to any service furnished by the public utility, or in connection with such service, is, or will be, in any respect unreasonable, unjust, insufficient, unjustly discriminatory, or unjustly preferential, or that any service is, or will be, inadequate or cannot be obtained…[6]

The PUCO's jurisdiction is exclusive, with only the Ohio Supreme Court having the power to "review, suspend, or delay any order made by the public utilities commission, or enjoin, restrain,

---

[5] *Rijo v. Rijo*, 1995 Ohio App. LEXIS 299, at *3, *4.
[6] R.C. 4905.26.

671164                                                4

or interfere with the commission or any public utilities commissioner in the performance of official duties."[7]

The Supreme Court has continually honored the exclusive jurisdiction of the PUCO in those matters concerning the services provided by a public utility, remarking that:

> [i]n regard to administrative agency exclusivity, generally, this court has recognized that where the General Assembly has enacted a complete and comprehensive statutory scheme governing review by an administrative agency, exclusive jurisdiction is vested within such agency.[8]

Indeed, the Court reiterated that:

> R.C. 4905.22 specifies that "every public utility shall furnish necessary and adequate service…" But, "*the commission has exclusive jurisdiction over various matters involving public utilities, such as rates and charges, classifications, and service*, effectively denying to all Ohio courts (except this court) any jurisdiction over such matters."[9] R.C. 4905.26 confers exclusive jurisdiction on the commission to determine whether any service rendered by a public utility "is in any respect unjust, unreasonable, … or in violation of law."[10] (emphasis added).

In 1999, the Ohio legislature passed Senate Bill 3, a comprehensive bill providing for the deregulation of retail electric generation service. Although Senate Bill 3 entitles competitive suppliers to provide retail electric generation service, the legislature mandated that electricity must continue to be reliable because it is an essential service.[11] The legislature, therefore, vested a new grant of jurisdiction with the PUCO over service reliability matters and directed the PUCO to

---

[7] R.C. 4903.12.
[8] *State ex rel. Cleveland Electric Illuminating Company v. Cuyahoga County Court of Common Pleas*, (2000) 727 N.E.2d 900, 451. [Internal citations omitted.]
[9] *Id.* See also R.C. 4903.12 and R.C. 4933.90.
[10] *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, (2004) 810 N.E.2d 953, 351-352. [Internal citations omitted. Emphasis in original.]
[11] R.C. 4928.02(A).

671164          5

implement rules necessary to "ensure the availability to consumers of adequate, reliable, safe, efficient, nondiscriminatory, and reasonably priced retail electric service."[12]

> The PUCO has jurisdiction over certain statutorily-prescribed matters.[13] Categorically speaking, the PUCO is vested with jurisdiction over the following complaints: (1) that a rate or service is unjust, unreasonable, or contrary to law; (2) that any regulation, measurement, or practice affecting or relating to service is unreasonable, unjust, or insufficient; and (3) that any service is inadequate or cannot be obtained.[14] The PUCO's jurisdiction is exclusive, with only the Ohio Supreme Court having the power to "review, suspend, or delay any order made by the public utilities commission, or enjoin, restrain, or interfere with the commission or any public utilities commissioner in the performance of official duties."[15] This exclusive grant of jurisdiction is premised upon the fact that the PUCO and its expert technical staff are best able to resolve matters that "require a consideration of statutes and regulations administered and enforced by the commission."[16]

Duke Energy Ohio is a "public utility" under R.C. 4905.02 and 4905.03.[17] As a public utility, Duke Energy Ohio is subject to the provisions of Chapter 4905 of the Revised Code, including R.C. 4905.22, which provides that:

> Every public utility shall furnish necessary and adequate service and facilities, and every public utility shall furnish and provide with respect to its business such instrumentalities and facilities, as are adequate and in all respects just and reasonable. All charges made or demanded for any service rendered, or to be rendered, shall be just, reasonable, and not more than the charges allowed by law or by order of the public utilities commission, and no unjust or unreasonable charge shall be made or demanded for, or in connection with, any service, or in excess of that allowed by law or by order of the commission.

---

[12] R.C. 4928.02(A). See also, R.C. 4928.06(A) (PUCO is required to adopt rules necessary to ensure compliance with the Chapter's purposes) and R.C. 4928.10(E) (PUCO directed to implement rules for minimum service quality, safety, and reliability).
[13] R.C. 4905.26.
[14] *Id*.
[15] R.C. 4903.12.
[16] *State ex rel. The Illuminating Co. v. Cuyahoga County Court of Common Pleas*, 97 Ohio St.3d 69, 2002 Ohio 5312, 21.
[17] *The Cincinnati Gas & Electric Company v. Public Utilities Commission, (*1999) 86 Ohio St.3d 53, 1.

E-FILED 04/13/2021 02:53 PM / CONFIRMATION 1055631 / 21CV05476 / MUNICIPAL DIVISION / MOTI

The "jurisdiction specifically conferred by statute upon the Public Utilities Commission over public utilities of the state is so complete, comprehensive and adequate as to warrant the conclusion that it is likewise exclusive."[18] It is the public policy of this state that the broad and complete control of the public utilities shall lie with the PUCO.[19]

To determine whether the PUCO has exclusive jurisdiction over the underlying case, this Court must determine: (1) whether the PUCO's administrative expertise is required to resolve the disputed issue; and (2) whether the act complained of constitutes a practice normally authorized by the utility.[20] If either requirement is not met, "the claim is not within PUCO's exclusive jurisdiction."[21] In this instance, all requirements have been met.

The Supreme Court of Ohio has explicitly stated that the failure of a utility to "properly monitor its rate and **billing** process," is a matter vested to the **exclusive jurisdiction** of **PUCO**.[22]

First, the PUCO's administrative expertise is required to resolve this dispute. Plaintiff's claims involve Duke Energy Ohio's billing procedures and practices. Those claims are manifestly service-related complaints, which are within the exclusive jurisdiction of the PUCO.[23] As the Ohio Supreme Court noted in *Kazmaier*, an analysis of a public utility's billing practices is best accomplished by the PUCO staff who are familiar with billing practices requirements for public utilities. It is within the PUCO's administrative expertise to resolve this billing dispute.

---

[18] *State ex rel. Ohio Bell Tel. Co. v. Cuyahoga Co. Court of Common Pleas* (1934), 128 Ohio St. 553, 557, 192 N.E. 787; *Corrigan v. Illum. Co.*, 122 Ohio St. 3d 265, 2009-Ohio-2524.
[19] *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St. 3d 147, 150-151, 573 N.E.2d 655, 658.
[20] *Corrigan v. Illum. Co.*, 122 Ohio St.3d 265, 2009 Ohio 2524, 910 N.E.2d 1009.
[21] *Allstate Ins. Co. v. Cleveland Elec. Illum. Co.*, 119 Ohio St.3d 301, 2008 Ohio 3917, 893 N.E.2d 824.
[22] *Kazmaier Supermarket, Inc. v. Toledo Edison Co.*, 61 Ohio St.3d 147, 153, 573 N.E.2d 655 (1991).(emphasis added).
[23] *State ex rel. Columbia Gas of Ohio, Inc. v. Henson,* 102 Ohio St.3d 349, 2004 Ohio 3208, 810 N.E.2d 953; *State ex rel. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92; and *Milligan v. Ohio Bell Tel. Co. (*1978), 56 Ohio St.2d 191, 195, 10 O.O.3d 352, 383 N.E.2d 575.

Second, the acts complained of, Duke Energy Ohio's calculation of the amount of Plaintiff's unpaid bill and referral of the unpaid bill to OIS for collection and reporting of same is a practice normally authorized by Duke Energy Ohio as part of billing and revenue recovery. As a result, this dispute falls squarely within the exclusive jurisdiction of the PUCO.[24]

Both questions having been answered in the affirmative, this Court lacks subject matter jurisdiction.

## IV.    CONCLUSION

For the reasons set forth herein, Defendant, Duke Energy Ohio, Inc., respectfully requests an Order that the Complaint against it be dismissed, with prejudice.

Comes now Defendant, Duke Energy Ohio, Inc. (incorrectly identified in the Complaint as "Duke Energy") ("Duke Energy Ohio"), by and through counsel, and pursuant to Ohio Civil Rule 12(B)(1) moves this Court for an Order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction. The Public Utilities Commission of Ohio ("PUCO") has exclusive jurisdiction over this matter.

This Motion is supported by the law of the State of Ohio, the affidavit of Cynthia Rummel attached as Exhibit A, and the accompanying Memorandum.

Respectfully submitted,
*/s/ Brian Pokrywka*
Brian Pokrywka, Esq. (0089518)
*Co-Counsel for Defendant, Duke Energy Ohio, Inc.*
139 E. Fourth Street, M/C 1212-M
Cincinnati, Ohio 45202
(513) 287-5501 (telephone)
(513) 287-4386 (facsimile)
Email: Brian.Pokrywka@duke-energy.com

---

[24] *Id.*

671164                                                       8

*/s/ James E. McLean*
James E. McLean, Esq. (0046868)
*Co-Counsel for Defendant, Duke Energy Ohio, Inc.*
139 E. Fourth Street, M/C 1212-M
Cincinnati, Ohio 45202
(513) 287-4341 (telephone)
(513) 287-4386 (facsimile)
Email: James.McLean@duke-energy.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was mailed via electronic mail and/or regular U.S. mail on this the **13th** day of April, 2021 to the following:

| | |
|---|---|
| Ashley Randall<br>2040 Whispering Pines Drive<br>Cincinnati, Ohio 45230<br>*Plaintiff* | Online Information Services<br>P.O. Box 1489<br>Winterville, NC 28590<br>*Defendant* |

*/s/Brian Pokrywka, Esq.*
Brian Pokrywka, Esq.

671164    9

IN THE HAMILTON COUNTY, OHIO
MUNICIPAL COURT

| | | |
|---|---|---|
| ASHLEY RANDALL | : | Case No.: 21CV05476 |
| Plaintiff, | : | JUDGE: |
| v. | : | |
| ONLINE INFORMATION SERVICES, INC. et al. | : | AFFIDAVIT OF CYNTHIA RUMMEL |
| Defendants. | : | |

Comes now Affiant, Cynthia Rummel, being first duly cautioned and sworn, and having personal knowledge deposes and states as follows:

1. I am currently employed by Duke Energy Ohio, Inc., as a Supervisor RS Business Operations and have been in this role since June 2018.

2. I supervise the Accounts Receivable group. I have reviewed Duke Energy's electronically stored information and business records for Ashley Randall's utility account with Duke Energy Ohio.

3. Service was requested for Ashley Randall on May 30, 2017. After a credit check was performed showing the information provided was good, it was determined that the customer would need to pay a security deposit. An account was set up on May 30, 2017 for the address of 499 Old Boston Road, Batavia, Ohio 45103 (the "service address") in the name of Ashley Randall.

4. Security deposit was applied to the account and set on a 3-month agreement for $60 per month.

5. On August 28, 2017, service was disconnected non-pay.

6. On August 30, 2017, Duke Energy received a medical certificate for patient Skylar Legnar to restore service.

7. On October 5, 2017, service was again disconnected for non-pay and another medical certificate was received in the same patient's name.

8. The account went back into disconnect status on November 27, 2017 and a third and final medical certificate was received to restore service that same day.

671367

1

Exhibit A - Page 1 of 2

9. The account was final billed on December 22, 2017 with a due date of January 17, 2018. (the bill was printed and mailed the next business day).

10. After receiving no payments on this account, the account was sent to Online Information Services ("OIS") to attempt to collect payment in the amount of $670.75.

11. On January 5, 2021, Ashley Randall called Duke Energy for the first time to report that this account was set up in her name fraudulently.

12. She was advised to complete a fraud packet, file a police report, and send copies of them to Duke Energy so that it could begin a fraud investigation.

13. Duke Energy never received a fraud packet or a police report from Ashley Randall.

FURTHER AFFIANT SAYETH NAUGHT

*Cynthia Rummel*
Cynthia Rummel

Sworn to and subscribed in my presence this 13TH day of April, 2021.

ADELE M. FRISCH
Notary Public, State of Ohio
My Commission Expires 01-05-2024

*Adele M. Frisch*
Notary Public

My Commission Expires: 1/5/2024

671367

2

Exhibit A - Page 2 of 2

# NOTIFICATION FORM
### MUNICIPAL COURT
### HAMILTON COUNTY, OHIO

## CASE INFORMATION

Date: April 13, 2021

Case No.: 21CV05476

Caption: Ashley Randall v. Online Information Services, Inc., et al.

## ATTORNEY INFORMATION

Attorney Name: Brian Pokrywka, Esq.

Attorney Address: Duke Energy Office of General Counsel
**Firm**
139 E. 4th Street, M/C 1212-M
**Street no.**
Cincinnati, OH 45202
**City, State, Zip**

Attorney Supreme Court No.: 0089518

( ) Address change only

## COURT PARTY INFORMATION

| Name of Client: | | |
|---|---|---|
| **Duke Energy Ohio, Inc.** | ( ) Plaintiff | (X) Defendant |
| | ( ) Plaintiff | ( ) Defendant |
| | ( ) Plaintiff | ( ) Defendant |
| | ( ) Plaintiff | ( ) Defendant |
| | ( ) Plaintiff | ( ) Defendant |
| | ( ) Plaintiff | ( ) Defendant |
| | ( ) Plaintiff | ( ) Defendant |

Substituted for: _____ (if applicable)


VERIFY RECORD

671562

# NOTIFICATION FORM
### MUNICIPAL COURT
### HAMILTON COUNTY, OHIO

## CASE INFORMATION

**Date:** April 13, 2021

**Case No.:** 21CV05476

**Caption:** Ashley Randall v. Online Information Services, Inc., et al.

## ATTORNEY INFORMATION

**Attorney Name:** James E. McLean, Esq.

**Attorney Address:** Duke Energy Office of General Counsel
    *Firm*
139 E. 4th Street, M/C 1212-M
    *Street no.*
Cincinnati, OH 45202
    *City, State, Zip*

**Attorney Supreme Court No.:** 0046868

( ) Address change only

---

## COURT PARTY INFORMATION

| | |
|---|---|
| **Name of Client:** **Duke Energy Ohio, Inc.** | ( ) Plaintiff (X) Defendant |
| **Name of Client:** | ( ) Plaintiff ( ) Defendant |
| **Name of Client:** | ( ) Plaintiff ( ) Defendant |
| **Name of Client:** | ( ) Plaintiff ( ) Defendant |
| **Name of Client:** | ( ) Plaintiff ( ) Defendant |
| **Name of Client:** | ( ) Plaintiff ( ) Defendant |
| **Name of Client:** | ( ) Plaintiff ( ) Defendant |

**Substituted for:**        (if applicable)


VERIFY RECORD

671561

AFTAB PUREVAL
CLERK OF COURTS
COUNTY COURTHOUSE ROOM 115
1000 MAIN STREET
CINCINNATI OH 45202
IF UNDELIVERABLE RETURN IN 3 DAYS

2795009 OH

7194 5168 6312 5728 5824

DUKE

US POSTAGE $005.86
ZIP 45202
041L12204678
03/17/2021

21CV05476
03/17/2021 05/24/2021 I
ONLINE INFORMATION SERVICES
P O BOX 1489
WINTERVILLE NC 28590



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## MUNICIPAL DIVISION

ELECTRONICALLY FILED
March 15, 2021 11:15 AM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1044328

**ASHLEY RANDALL**        **21CV05476**

vs.

**DUKE ENERGY AND ONLINE INFORMATION SERVICES**

## FILING TYPE: SMALL CLAIM
## PAGES FILED: 1

SERVICE(S) ORDERED: CERTIFIED (2)
DATE OF SMALL CLAIMS HEARING: 05/24/2021 9:30.
EFR200

# Hamilton County Municipal Court, Cincinnati, Ohio
## Small Claims Complaint

**Plaintiff(s):**
Ashley Randall
2040 Whispering Pines Dr.
Cincinnati, OH 45230
Phone Number: 5133018487

Case No. _____

☐ In accordance with civil rule 4.6 (C) or (D) and 4.6 (E), an ordinary mail waiver is requested

vs.

**Defendant(s):**
Duke Energy
Online Information Services

Amount $ 3,000.00

Plaintiff says that there is due and owing from the defendant(s) the sum of **three thousand** dollars

For the following reason(s): Duke Energy allowed a fraudulent account to be opened in my name under an address that I have never lived in. This account was turned over to a clooection agency, Online Services, and they along with Duke Energy are continuing to hold me financially responsible for this fraudulent account, despite evidence of fraud. These charges were reported to the credit reporting agencies resulting in the ruining of my personal credit.

Interest, if applicable, from the _____ day of _____, _____ Plus Court Costs.

**ATTENTION: ALLOW SUFFICIENT TIME TO ENTER THE COURTHOUSE DUE TO SECURITY CHECK. DELAYS POSSIBLE.**

### Notice and summons in action for money only

To: (1) Duke Energy
PO Box 1326
Charlotte, NC 28201-1326

(2) Online Information Services
PO Box 1489
Winterville, NC 28590

Notice to the Defendant: The court will hold trial on this claim at the Hamilton County Courthouse, 1000 Main St., Rm. 265 at 9:30 / 10:30 A.M., on:

If you do not appear at the trial, judgment may be entered against you by default, and your earnings may be subject to garnishment, or your property may be attached to satisfy the judgment. If your defense is supported by witnesses, account books, receipts, or other documentation, you must produce them at the trial. Subpoenas for witnesses, if necessary, should be filed with the clerk at least seven (7) days before the trial. If you believe you have a claim against the plaintiff, you must file a counterclaim with the court and must serve the plaintiff and all other parties with a copy of the counterclaim at least seven (7) days prior to the trial date of the plaintiff's claim. All filings to be filed/mailed with the appropriate fees to: Hamilton County Clerk of Courts 1000 Main St. Rm. 115, Cincinnati, Ohio 45202. If you admit the claim but desire time to pay, you may make such a request at the trial.

### Memorandum to the Plaintiff

Bring your evidence and witnesses, if any, with you. Subpoenas for witnesses, if necessary, must be filed with the clerk at least seven (7) days before the trial date. On accident cases involving a motor vehicle, you must bring your title to the vehicle.
Plaintiff further states that to the best of their knowledge the defendant is / is not a member of the Armed Forces of the United States of America.

X *Ashley Randall*
Signature of Plaintiff/Attorney
Attorney ID No.

Attorney Address Only

Phone No.

State of Idaho
County of Franklin

Subscribed and sworn to before me this **10** day of **March**, 20**21**

*Cessilee Carter*
Clerk, Deputy Clerk, Notary Public

CESSILEE CARTER
NOTARY PUBLIC - STATE OF IDAHO
COMMISSION NUMBER 67302
MY COMMISSION EXPIRES 3-11-2022

# REISSUE FORM

# *TIME SENSITIVE*

## CASE NO. 21CV05476

## COURT DATE: 05/24/21

**ADDITIONAL REMARKS:** Reissue Certified Mail at No Charge

**ROOM 265**

D131691248 04/19/2021

**TIME 9:30 AM**

(513)-946-5721
www.courtclerk.org

REISSUE FORM SMALL CLAIMS.DOC

FILED
2021 APR 19 P 2:36
CLERK OF COURTS
HAMILTON COUNTY, OH
MUNICIPAL CIVIL


VERIFY RECORD