**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ASHLEY RANDALL,

    Plaintiff,

v.

ONLINE INFORMATION SYSTEMS INC., et al.,

    Defendants.

Case No. 1:21-cv-288

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff initiated this lawsuit in the Hamilton County Municipal Court against Online Information Systems, Inc. and Duke Energy.  Defendants removed the case to this Court on April 21, 2021 on the basis of federal question jurisdiction, because Plaintiff's claims clearly arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., with supplemental jurisdiction over any state claims.  (*See* Doc. 1).  In lieu of filing an answer, Duke Energy moved to dismiss all claims against it, arguing that the Public Utilities Commission of Ohio ("PUCO") has exclusive jurisdiction over this matter. (Doc. 4). Because Plaintiff filed no timely response to Duke Energy's motion, the undersigned directed Plaintiff to "show cause" why her claims should not be dismissed. (Doc. 6).

In response to that Order, Plaintiff timely filed a document that explains that she filed this lawsuit only after it appeared that the Defendants were not willing to cooperate with her to resolve a dispute concerning identity theft and a blemish on her credit report that involved both Defendants. (Doc. 7 at 1-2).  She explains that her "only purpose in filing [a lawsuit] was to have my credit fixed." (*Id*. at 2).  She further reports that she recently discovered "that the debt in question has now been removed from my credit

report." She concludes that "[a]s there is nothing left to be resolved, I don't think this case can go forward and would respectfully request that this case be dismissed. (*Id.*)

The Court construes Plaintiff's response to the "show cause" order as a motion to voluntarily dismiss her case under Rule 41(a)(2), Fed. R. Civ. P. For the reasons stated in Plaintiff's construed motion, (Doc. 7), the undersigned agrees this case should be dismissed.[1]

Accordingly, **IT IS RECOMMENDED:**

1. That Plaintiff's response to the show cause order (Doc. 7) be construed as a motion to voluntarily dismiss this case under Rule 41(a)(2) and be **GRANTED**, with this case to be dismissed without prejudice;

2. That Defendant Duke Energy's motion to dismiss for lack of jurisdiction (Doc. 4) be **DENIED AS MOOT**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Accepting Plaintiff's report, it appears that this entire case could have been avoided with better communication from Defendants or their counsel – a regrettable situation to say the least. That said, the undersigned recognizes that Plaintiff's account may reflect only one side of the communication story.

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ASHLEY RANDALL,  Case No. 1:21-cv-288

    Plaintiff,  Cole, J.
      Bowman, M.J.
  v.

ONLINE INFORMATION SYSTEMS INC., et al.,

    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).