UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ASHLEY RANDALL,

   Plaintiff,

 v.          Case No. 1:21-cv-288
             JUDGE DOUGLAS R. COLE
ONLINE INFORMATION   Magistrate Judge Bowman
SYSTEMS, INC., et al.,

   Defendants.

## ORDER

This cause comes before the Court on the Magistrate Judge's June 17, 2021, Report and Recommendation ("R&R") (Doc. 8). The Magistrate Judge recommends that the Court **CONSTRUE** Plaintiff Randall's response (Doc. 7) to the Magistrate Judge's order to show cause (Doc. 6) as a motion to voluntarily dismiss the case under Federal Rule of Civil Procedure 41(a)(2). The R&R further recommends that the Court **GRANT** Randall's construed motion to voluntarily dismiss the case without prejudice (Doc. 7). The R&R also recommends the Court **DENY AS MOOT** Defendant Duke Energy's motion to dismiss for lack of jurisdiction (Doc. 4).

The R&R advised all parties that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* R&R, Doc. 8, #63). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to

file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the parties here needed to object by July 1, 2021. The time for filing objections has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." In her response to the Magistrate Judge's order to show cause (Doc. 7), Randall explained that she filed this case after Defendants Duke Energy and Online Information Systems, Inc. ("Defendants") "did not seem to be cooperative" in removing an allegedly fraudulent account from her credit report. (Pl. Resp., Doc. 7, #52). But, having recently discovered that the account in question has been removed from her credit report, Randall states that "there is nothing left to be resolved … and [she] would respectfully request that this case be dismissed." (*Id.* at #53). The Court agrees with the R&R that

Randall's response to the order to show cause should be construed as a motion to voluntarily dismiss her case under Federal Rule of Civil Procedure 41(a)(2).

Accordingly, the Court **ADOPTS** the Report & Recommendation (Doc. 8). The Court thus **CONSTRUES** Randall's response (Doc. 7) to the order to show cause (Doc. 6) as a motion to voluntarily dismiss her case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court further **GRANTS** Randall's construed motion to voluntarily dismiss without prejudice (Doc. 7). The Court **DENIES AS MOOT** Duke Energy's motion to dismiss for lack of jurisdiction (Doc. 4).

The Court **DIRECTS** the Clerk to enter judgment accordingly and to **TERMINATE** this case on the Court's docket.

    SO ORDERED.

October 4, 2021
**DATE**

    **DOUGLAS R. COLE**
    **UNITED STATES DISTRICT JUDGE**